# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Diego LaLuz,**<br>    **Plaintiff,**<br><br>V.<br><br>**Chicago Police Officer**<br>**C.A. Ortiz, STAR # 17530 and**<br>**The City of Chicago,**<br>    **Defendants.** | ) FILED: APRIL 23, 2008<br>) 08CV2320    PH<br>) JUDGE CONLON<br>) MAGISTRATE JUDGE DENLOW<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES the plaintiff Diego LaLuz by his undersigned attorneys and complains against defendants and alleges as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

## PARTIES

2. Plaintiff Diego LaLuz is a citizen of the United States.

3. Defendant C.A. Ortiz, STAR # 17530 was at all times material to this Complaint a Chicago Police Officer.  He is sued individually.

4. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of defendant police officer Ortiz.

5. Defendant Ortiz was at all times material to this Complaint acting under color of law.

## STATEMENT OF FACTS

6. On July 13, 2007, plaintiff LaLuz resided in the City of Chicago, County of Cook, State of Illinois.

7. On July 13, 2007, at 2:20 am, defendant Ortiz falsely arrested plaintiff LaLuz at 2165 N. Talman Ave, Chicago, IL 60647 for indecent exposure – urinating in public.

8. On July 13, 2007, shortly after 2:20 am at the 14th District Police Station, defendant Ortiz, without probable cause or legal justification, punched plaintiff LaLuz multiple times in the face and nose.

9. Subsequently, defendant Ortiz, without probable cause or legal justification, dragged plaintiff LaLuz from the backseat of the squad car onto the ground where defendant Ortiz continued to drag the plaintiff.

10.  After defendant Ortiz punched and dragged plaintiff LaLuz unknown Chicago Police Officers took plaintiff LaLuz to Saint Elizabeth Hospital where he was diagnosed with and received treatment for a right thumb sprain, nasal contusion, and elbow contusions.  Defendant Ortiz inflicted these injuries on plaintiff LaLuz.

11.  Following plaintiff LaLuz's treatment, unknown Chicago Police Officers escorted the plaintiff back to District 014 Lockup where he remained until 7:49 am at which time he was released on bond and ordered to come to court.

12. Defendant Ortiz knew that such an arrest and detention could only be made based upon probable cause, and a reasonable officer in his position would have known that there was not probable cause for the arrest and detention of plaintiff LaLuz.

13. Defendant Ortiz had a duty to determine whether there was probable cause to justify the arrest and detention of plaintiff LaLuz.

14. Defendant Ortiz directly and proximately caused the false arrest of plaintiff LaLuz by his misconduct and unlawful acts set forth more fully above.

15. The acts and omissions of defendant Ortiz, as set forth more fully above, were wanton and willful.

16. Defendant Ortiz's use of excessive force against plaintiff LaLuz resulted in plaintiff's damages as set forth in more detail below.

17. Moreover, plaintiff LaLuz has been severely traumatized as a result of the defendant's actions. Plaintiff experienced and continues to experience mental and physical pain, distress, and anguish.

## COUNT I

**(Plaintiff's Claim for False Arrest and Imprisonment Section 1983 Defendant Ortiz)**

18. Plaintiff LaLuz realleges paragraphs 1-17 with the same force and effect as if fully set forth herein.

19. Defendant Ortiz prepared a police report, which falsely alleged that plaintiff LaLuz committed indecent exposure – urinating in public. Defendant Ortiz deliberately failed to contradict or disavow the reports. On the basis of these false allegations, plaintiff LaLuz was illegally arrested without probable cause. As a result of defendant Ortiz's false allegations and plaintiff LaLuz's resulting illegal arrest without probable cause, plaintiff LaLuz was detained and held continuously in custody on July 13, 2007. These actions by defendant Ortiz constitute false arrest and imprisonment under the Fourteenth Amendment and are actionable under 42 U.S.C. Section 1983.

3

WHEREFORE, plaintiff LaLuz requests that this Court award him substantial money damages to compensate for the injuries caused by defendant Ortiz's intentional or reckless and illegal acts; and since his actions were malicious, willful and/or wanton, plaintiff LaLuz demands punitive damages plus the costs of this action and attorney fees.

## COUNT II

**(Plaintiff's claim for Assault and Battery Section 1983
Defendant Ortiz)**

20. Plaintiff LaLuz realleges paragraphs 1-19 with the same force and effect as if fully set forth herein.

21. Defendant Ortiz illegally used excessive force against the plaintiff. Said actions by defendant Ortiz constitute assault and battery and are actionable under 42 U.S.C. Section 1983. The actions of defendant Ortiz were the direct and proximate cause of the violation of the plaintiff's Fourth Amendment rights and his loss of personal freedom and caused his extreme pain and suffering.

WHEREFORE, plaintiff LaLuz demands damages against defendant Ortiz in actual or compensatory damages and since his actions were malicious, willful and/or wanton, plaintiff LaLuz demands punitive damages and the costs of this action and attorney fees.

## COUNT III

**(Plaintiff's claim for Illinois Battery against Defendant Ortiz)**

22. Plaintiff LaLuz realleges paragraphs 1-21 with the same force and effect as if fully set forth herein.

23. Plaintiff LaLuz asserts COUNT III of this complaint, arising under Illinois common law, against defendant Ortiz. This Court has jurisdiction of this claim under 28 U.S.C. 1367.

24. Defendant Ortiz subjected plaintiff LaLuz to contact of an insulting and provoking nature

4

and caused him bodily harm, directly and proximately causing him physical and emotional injuries, as set forth above.  Defendant Ortiz thereby subjected plaintiff LaLuz to the tort of battery under Illinois law.

25.  Defendant Ortiz's actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with reckless disregard for their natural consequences.

26.  The actions committed by defendant Ortiz described above were undertaken within the scope of his employment as a City of Chicago police officer.

WHEREFORE, plaintiff LaLuz demands damages against defendant Chicago Police Officer Ortiz in actual or compensatory damages and since his actions were malicious, willful and/or wanton, plaintiff LaLuz demands punitive damages and the costs of this action and attorney fees.

## COUNT IV

### (755 ILCS 10/9 102- Defendant City of Chicago)

27.  Plaintiff LaLuz realleges paragraphs 1-26 with the same force and effect as if fully set forth herein.

28.  Defendant City of Chicago is the employer of individual defendant Ortiz.

29.  Defendant Ortiz committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

WHEREFORE, should defendant Ortiz be found liable on one or more of the claims set forth above, plaintiff LaLuz demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff LaLuz obtains thereon against said defendant Ortiz as well as for all attorney fees and costs.

A JURY TRIAL IS DEMANDED ON ALL COUNTS

_____
Melinda Power

_____
Sandeep Basran

Attorneys for Plaintiff,
Melinda Power
Sandeep Basran
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706     Fax: 773/278-0635
mpwr2502@earthlink.com
ssbasran@gmail.com