UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Diego LaLuz, ) | |
| ) | Case No. 08 C 2320 |
| Plaintiff, ) | |
| ) | Judge Conlon |
| V. ) | |
| ) | Magistrate Judge Denlow |
| Chicago Police Officer ) | |
| C.A. Ortiz, STAR # 17530 and ) | Jury Demand |
| the City of Chicago, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by it's attorney, Mara S. Georges, Corporation Counsel for the City, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States, and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

**ANSWER:** Defendant City admits that plaintiff's Complaint purports to bring an action pursuant to 42 U.S.C. Section 1983, 1981, and 1985, and pursuant to 28 U.S.C. Section 1331 and 1343(a), and 1367(a), and the Constitution of the United States. The City denies that the United States Constitution provides plaintiff with a direct cause of action. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**PARTIES**

2. Plaintiff Diego LaLuz is a citizen of the United States.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

3. Defendant C.A.Ortiz, STAR # 17530 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

**ANSWER:**   Defendant City admits the allegations in this paragraph.

4. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of defendant police officer Ortiz.

**ANSWER:**   Defendant City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits that, at all times relevant to the allegations in plaintiff's Complaint, it employed defendant police officer Ortiz. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5. Defendant Ortiz was at all times material to this Complaint acting under color of law.

**ANSWER:**   Defendant City admits the allegations in this paragraph.

### STATEMENT OF FACTS

6. On July 13, 2007, plaintiff LaLuz resided in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

7. On July 13, 2007, at 2:20 am, defendant Ortiz falsely arrested plaintiff LaLuz at 2165 N. Talman Ave, Chicago, IL 60647 for indecent exposure urinating in public.

**ANSWER:**   Defendant City admits, based upon Chicago Police Department records, that, on July 13, 2007, around 2:20 a.m., defendant LaLuz was arrested at or around 2165 North Talman Avenue in Chicago, Illinois and charged with indecent exposure urinating in public. The

City further admits that defendant Ortiz was the arresting officer. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8. On July 13, 2007, shortly after 2:20 am at the 14th District Police Station, defendant Ortiz, without probable cause or legal justification, punched plaintiff LaLuz multiple times in the face and nose.

     **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Subsequently, defendant Ortiz, without probable cause or legal justification, dragged plaintiff LaLuz from the backseat of the squad car onto the ground where defendant Ortiz continued to drag the plaintiff.

     **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. After defendant Ortiz punched and dragged plaintiff LaLuz unknown Chicago Police Officers took plaintiff LaLuz to Saint Elizabeth Hospital where he was diagnosed with and received treatment for a right thumb sprain, nasal contusion, and elbow contusions. Defendant Ortiz inflicted these injuries on plaintiff LaLuz.

     **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Following plaintiff LaLuz's treatment, unknown Chicago Police Officers escorted the plaintiff back to District 014 Lockup where he remained until 7:49 am at which time he was released on bond and ordered to come to court.

     **ANSWER:** Defendant City admits, based upon Chicago Police Department records, that plaintiff was released on an I-bond around 7:49 a.m. on July 13, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12.  Defendant Ortiz knew that such an arrest and detention could only be made based upon probable cause, and a reasonable officer in his position would have known that there was not probable cause for the arrest and detention of plaintiff LaLuz.

> **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.  Defendant Ortiz had a duty to determine whether there was probable cause to justify the arrest and detention of plaintiff LaLuz.

> **ANSWER:** Defendant City states that plaintiff has failed to correctly, accurately, or completely state the nature of defendant Ortiz' duty under federal or Illinois state law and, therefore, denies the allegation that "defendant Ortiz had a duty to determine whether there was probable cause to justify the arrest and detention of plaintiff LaLuz." The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14.  Defendant Ortiz directly and proximately caused the false arrest of plaintiff LaLuz by his misconduct and unlawful acts set forth more fully above.

> **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.  The acts and omissions of defendant Ortiz, as set forth more fully above, were wanton and willful.

> **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.  Defendant Ortiz's use of excessive force against plaintiff LaLuz resulted in plaintiff''s damages as set forth in more detail below.

> **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Moreover, plaintiff LaLuz has been severely traumatized as a result of the defendant's actions. Plaintiff experienced and continues to experience mental and physical pain, distress, and anguish.

    **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
### (Plaintiffs Claim for False Arrest and Imprisonment Section 1983
### Defendant Ortiz)

Defendant City is not named as a defendant in Count I; therefore, no answer to Count I is required by the City. The City answers the allegations in Count I only to the extent that the allegations are incorporated by reference in Count IV.

18. Plaintiff LaLuz realleges paragraphs 1-17 with the same force and effect as if fully set forth herein.

    **ANSWER:** Defendant City re-alleges it answers to paragraphs 1-17, as if fully set forth herein.

19. Defendant Ortiz prepared a police report, which falsely alleged that plaintiff LaLuz committed indecent exposure urinating in public. Defendant Ortiz deliberately failed to contradict or disavow the reports. On the basis of these false allegations, plaintiff LaLuz was illegally arrested without probable cause. As a result of defendant Ortiz's false allegations and plaintiff LaLuz's resulting illegal arrest without probable cause, plaintiff LaLuz was detained and held continuously in custody on July 13, 2007. These actions by defendant Ortiz constitute false arrest and imprisonment under the Fourteenth Amendment and are actionable under 42 U.S.C. Section 1983.

    **ANSWER:** Defendant City admits, based upon Chicago Police Department records, that plaintiff was arrested on July 13, 2007, and charged with a violation of M.C.C. 8-8-080, Indecent Exposure Urinating in Public. The City further admits that plaintiff was held in the custody of

the Chicago Police Department, as a result of this arrest, on July 13, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT II
### (Plaintiffs claim for Assault and Battery Section 1983 Defendant Ortiz)

Defendant City is not named as a defendant in Count II; therefore, no answer to Count II is required by the City. The City answers the allegations in Count II only to the extent that the allegations are incorporated by reference in Count IV.

20. Plaintiff LaLuz realleges paragraphs 1-19 with the same force and effect as if fully set forth herein.

    **ANSWER:**    Defendant City re-alleges its answers to paragraphs 1-19, as if fully set forth herein.

21. Defendant Ortiz illegally used excessive force against the plaintiff. Said actions by defendant Ortiz constitute assault and battery and are actionable under 42 U.S.C. Section 1983. The actions of defendant Ortiz were the direct and proximate cause of the violation of the plaintiff's Fourth Amendment rights and his loss of personal freedom and caused his extreme pain and suffering.

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT III
### (Plaintiff's claim for Illinois Battery against Defendant Ortiz)

Defendant City is not named as a defendant in Count III; therefore, no answer to Count III is required by the City. The City answers the allegations in Count III only to the extent that the

allegations are incorporated by reference in Count IV.

22. Plaintiff LaLuz realleges paragraphs 1-21 with the same force and effect as if fully set forth herein.

>    **ANSWER:** Defendant City re-alleges its answers to paragraphs 1-21, as if fully set forth herein.

23. Plaintiff LaLuz asserts COUNT III of this complaint, arising under Illinois common law, against defendant Ortiz. This Court has jurisdiction of this claim under 28 U.S.C. 1367.

>    **ANSWER:** Defendant City admits that the allegations in this paragraph.

24. Defendant Ortiz subjected plaintiff LaLuz to contact of an insulting and provoking nature and caused him bodily harm, directly and proximately causing him physical and emotional injuries, asset forth above. Defendant Ortiz thereby subjected plaintiff LaLuz to the tort of battery under Illinois law.

>    **ANSWER:** Defendant City states that plaintiff's definition of the tort of battery is a vague, incomplete, or incorrect statement of the Illinois common law, and, therefore, the allegation that "defendant Ortiz subjected plaintiff LaLuz to the tort of battery under Illinois law" is denied. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

25. Defendant Ortiz's actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with reckless disregard for their natural consequences.

>    **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. The actions committed by defendant Ortiz described above were undertaken within the scope of his employment as a City of Chicago police officer.

>    **ANSWER:** The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

## COUNT IV
### (755 ILCS 10/9 102-Defendant City of Chicago)

27. Plaintiff LaLuz realleges paragraphs 1-26 with the same force and effect as if fully set forth herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1-26, as if fully set forth herein.

28. Defendant City of Chicago is the employer of individual defendant Ortiz.

**ANSWER:** Defendant City admits that, at all times relevant to the allegations in plaintiff's Complaint, it employed defendant Ortiz as a Chicago police officer.

29. Defendant Ortiz committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Chicago.

**ANSWER:** Defendant City admits that, based upon Chicago Police Department records, defendant Ortiz was acting under the color of law when he arrested plaintiff on July 13, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to Plaintiff for any of his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

5. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

6. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

7. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the

principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

**DATED:  JULY 14, 2008**                    Respectfully submitted

                                                MARA S. GEORGES,

                                                Corporation Counsel
                                                City of Chicago


                                 By:     */s/ Meghan K. Kennedy*
                                             MEGHAN K. KENNEDY
                                             Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06283230

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Diego LaLuz,** ) | |
| ) | Case No. 08 C |
| **Plaintiff,** ) | |
| ) | Judge |
| V. ) | |
| ) | Magistrate Judge |
| **Chicago Police Officer** ) | |
| **C.A. Ortiz, STAR # 17530 and** ) | Jury Demand |
| **the City of Chicago,** ) | |
| ) | |
| **Defendants.** ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:   Melinda Power
    Sandeep Basran
    WEST TOWN COMMUNITY LAW OFFICE
    2502 West Division Street
    Chicago, Illinois  60622

**PLEASE TAKE NOTICE** that on this 14th day of July 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this14th day of July 2008.

                        Respectfully submitted,

                        MARA S. GEORGES
                        Corporation Counsel
                        for the City of Chicago


                By:   */s/ Meghan K. Kennedy*
                        MEGHAN K. KENNEDY
                        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 6283230