UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Diego LaLuz,** | ) |
| | ) Case No. 08 C 2320 |
| Plaintiff, | ) |
| | ) Judge Conlon |
| V. | ) |
| | ) Magistrate Judge Denlow |
| **Chicago Police Officer** | ) |
| **C.A. Ortiz, STAR # 17530 and** | ) Jury Demand |
| **the City of Chicago,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT ORTIZ' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, Chicago Police Officer Carlos Ortiz, by his attorney, Meghan Kennedy, Assistant Corporation Counsel, answers Plaintiff's Complaint and states:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States, and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

**ANSWER:** Defendant Ortiz denies any wrongdoing as alleged in this Complaint. Defendant Ortiz admits that plaintiff's Complaint purports to bring an action pursuant to 42 U.S.C. Section 1983, 1981, and 1985, and pursuant to 28 U.S.C. Section 1331 and 1343(a), and 1367(a), and the Constitution of the United States. Defendant Ortiz denies that the United States Constitution provides plaintiff with a direct cause of action. Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## PARTIES

2. Plaintiff Diego LaLuz is a citizen of the United States.

    **ANSWER:** Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

3. Defendant C.A.Ortiz, STAR # 17530 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.

    **ANSWER:** Defendant Ortiz admits the allegations in this paragraph.

4. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of defendant police officer Ortiz.

    **ANSWER:** Defendant Ortiz admits that, at all times relevant to the allegations in plaintiff's Complaint, he was employed as a Chicago police officer. Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5. Defendant Ortiz was at all times material to this Complaint acting under color of law.

    **ANSWER:** Defendant Ortiz admits the allegations in this paragraph.

## STATEMENT OF FACTS

6. On July 13, 2007, plaintiff LaLuz resided in the City of Chicago, County of Cook, State of Illinois.

    **ANSWER:** Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. On July 13, 2007, at 2:20 am, defendant Ortiz falsely arrested plaintiff LaLuz at 2165 N. Talman Ave, Chicago, IL 60647 for indecent exposure urinating in public.

    **ANSWER:** Defendant Ortiz admits that, on July 13, 2007, at or around 2:20 a.m., he arrested plaintiff for indecent exposure/ urinating in public after observing LaLuz as he urinated

on the sidewalk at or about 2165 N. Talman Ave., Chicago, IL 60647.  Defendant Ortiz denies the remaining allegations in this paragraph.

8. On July 13, 2007, shortly after 2:20 am at the 14th District Police Station, defendant Ortiz, without probable cause or legal justification, punched plaintiff LaLuz multiple times in the face and nose.

  **ANSWER:** Defendant Ortiz denies the allegations in this paragraph.

9. Subsequently, defendant Ortiz, without probable cause or legal justification, dragged plaintiff LaLuz from the backseat of the squad car onto the ground where defendant Ortiz continued to drag the plaintiff.

  **ANSWER:** Defendant Ortiz denies the allegations in this paragraph.

10. After defendant Ortiz punched and dragged plaintiff LaLuz unknown Chicago Police Officers took plaintiff LaLuz to Saint Elizabeth Hospital where he was diagnosed with and received treatment for a right thumb sprain, nasal contusion, and elbow contusions.  Defendant Ortiz inflicted these injuries on plaintiff LaLuz.

  **ANSWER:** Defendant Ortiz admits that unknown Chicago Police Officers transported plaintiff LaLuz to the hospital at Ortiz' request after plaintiff complained of thumb pain upon arrival at the 14th District police station.  Defendant Ortiz denies having "punched and dragged" plaintiff or having inflicted any injury upon him.  Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. Following plaintiff LaLuz's treatment, unknown Chicago Police Officers escorted the plaintiff back to District 014 Lockup where he remained until 7:49 am at which time he was released on bond and ordered to come to court.

  **ANSWER:** Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Defendant Ortiz knew that such an arrest and detention could only be made based upon probable cause, and a reasonable officer in his position would have known that there was not

probable cause for the arrest and detention of plaintiff LaLuz.

**ANSWER:**    Defendant Ortiz admits that he knows an arrest must be based on probable cause. Defendant Ortiz denies the remaining allegations in this paragraph.

13. Defendant Ortiz had a duty to determine whether there was probable cause to justify the arrest and detention of plaintiff LaLuz.

**ANSWER:**    Defendant Ortiz states that plaintiff has failed to correctly, accurately, or completely state the nature of his "duty" under federal or Illinois state law and, therefore, denies the allegation that "defendant Ortiz had a duty to determine whether there was probable cause to justify the arrest and detention of plaintiff LaLuz."

14. Defendant Ortiz directly and proximately caused the false arrest of plaintiff LaLuz by his misconduct and unlawful acts set forth more fully above.

**ANSWER:**    Defendant Ortiz denies the allegations in this paragraph.

15. The acts and omissions of defendant Ortiz, as set forth more fully above, were wanton and willful.

**ANSWER:**    Defendant Ortiz denies the allegations in this paragraph.

16. Defendant Ortiz's use of excessive force against plaintiff LaLuz resulted in plaintiff''s damages as set forth in more detail below.

**ANSWER:**    Defendant Ortiz denies using force against plaintiff. Defendant Ortiz further denies the remaining allegations in this paragraph.

17. Moreover, plaintiff LaLuz has been severely traumatized as a result of the defendant's actions. Plaintiff experienced and continues to experience mental and physical pain, distress, and anguish.

**ANSWER:**    Defendant Ortiz denies any wrongdoing as alleged in plaintiff's Complaint. Defendant Ortiz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT I

**(Plaintiffs Claim for False Arrest and Imprisonment Section 1983 Defendant Ortiz)**

18. Plaintiff LaLuz realleges paragraphs 1-17 with the same force and effect as if fully set forth herein.

  **ANSWER:** Defendant Ortiz re-alleges his responses to paragraphs 1 through 17, as if fully restated herein.

19. Defendant Ortiz prepared a police report, which falsely alleged that plaintiff LaLuz committed indecent exposure urinating in public. Defendant Ortiz deliberately failed to contradict or disavow the reports. On the basis of these false allegations, plaintiff LaLuz was illegally arrested without probable cause. As a result of defendant Ortiz's false allegations and plaintiff LaLuz's resulting illegal arrest without probable cause, plaintiff LaLuz was detained and held continuously in custody on July 13, 2007. These actions by defendant Ortiz constitute false arrest and imprisonment under the Fourteenth Amendment and are actionable under 42 U.S.C. Section 1983.

  **ANSWER:** Defendant Ortiz admits that he prepared a police report in conjunction with plaintiff's July 13, 2007, arrest. Defendant Ortiz denies the remaining allegations in this paragraph.

## COUNT II

**(Plaintiffs claim for Assault and Battery Section 1983 Defendant Ortiz)**

20. Plaintiff LaLuz realleges paragraphs 1-19 with the same force and effect as if fully set forth herein.

  **ANSWER:** Defendant Ortiz re-alleges his responses to paragraphs 1 through 19, as if fully set forth herein.

21. Defendant Ortiz illegally used excessive force against the plaintiff. Said actions by defendant Ortiz constitute assault and battery and are actionable under 42 U.S.C. Section 1983. The actions of defendant Ortiz were the direct and proximate cause of the violation of the plaintiff's Fourth Amendment rights and his loss of personal freedom and caused his extreme pain and suffering.

**ANSWER:** Defendant Ortiz denies the allegations in this paragraph.

## COUNT III

**(Plaintiff's claim for Illinois Battery against Defendant Ortiz)**

22. Plaintiff LaLuz realleges paragraphs 1-21 with the same force and effect as if fully set forth herein.

**ANSWER:** Defendant Ortiz re-alleges his responses to paragraphs 1 through 21, as if fully set forth herein.

23. Plaintiff LaLuz asserts COUNT III of this complaint, arising under Illinois common law, against defendant Ortiz. This Court has jurisdiction of this claim under 28 U.S.C. 1367.

**ANSWER:** Defendant Ortiz admits the allegations in this paragraph.

24. Defendant Ortiz subjected plaintiff LaLuz to contact of an insulting and provoking nature and caused him bodily harm, directly and proximately causing him physical and emotional injuries, as set forth above. Defendant Ortiz thereby subjected plaintiff LaLuz to the tort of battery under Illinois law.

**ANSWER:** Defendant Ortiz denies the allegations in this paragraph.

25. Defendant Ortiz's actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with reckless disregard for their natural consequences.

**ANSWER:** Defendant Ortiz denies the allegations in this paragraph.

26. The actions committed by defendant Ortiz described above were undertaken within the scope of his employment as a City of Chicago police officer.

**ANSWER:** Defendant Ortiz admits the allegations in this paragraph, but denies any wrongdoing as alleged in plaintiff's Complaint.

## COUNT IV
**(755 ILCS 10/9 102-Defendant City of Chicago)**

Defendant Ortiz is not named as a defendant in Count IV, therefore, no response to Count

IV is required by Defendant Ortiz.

WHEREFORE, the Defendant Ortiz prays that this Court enter judgment in his favor on plaintiff's Complaint, award him costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### 12(b)(6) DEFENSES

1. To the extent that plaintiff asserts a separate cause of action for false arrest, false imprisonment, and malicious prosecution under the Fourteenth Amendment of the United States Constitution, this claim should be dismissed. These claims, when asserted pursuant to 42 U.S.C. § 1983, are governed by the objective reasonableness standard of the Fourth Amendment. See Green v. Saenz, 812 F. Supp. 798, 801 (N.D. Ill. 1992)(citing Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation: The Law of Section 1983*, § 3.04, at 149-55 (3d ed. 1991)).

### AFFIRMATIVE DEFENSES

1. Defendant Ortiz is a government official, namely a police officer, who performed discretionary functions. At all times material to the events alleged in plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendant could have believed his actions to be lawful, in light of clearly established law and the information that defendant possessed. Defendant, therefore, is entitled to qualified immunity.

2. Defendant Ortiz was working as a police officer at the time of this incident. Therefore, under the Illinois Tort Immunity Act, defendant is not liable for any of plaintiff's alleged state law claims because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton

conduct.  745 ILCS 10/2-202 (2006).

3.      Defendant Ortiz is not liable for any of plaintiff's alleged claims because a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

4.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

## JURY DEMAND

Defendant Ortiz requests trial by jury.

**DATED:  JULY 31, 2008**              Respectfully submitted

                                        MARA S. GEORGES,
                                        Corporation Counsel
                                        City of Chicago

                                By:     /s/ Meghan K. Kennedy
                                        MEGHAN K. KENNEDY
                                        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06283230

-8-